1   Joseph Arthur Roberts, State Bar No. 156180
2   LAW OFFICE OF J. ARTHUR ROBERTS
3   3345 Newport Blvd., Suite 213
    Newport Beach, CA 92663
4   Telephone: (949) 675-9900
    Facsimile: (888) 989-9309
5   Email: Joe@JarLegal.com
6   Attorney for Plaintiffs and all
7   others similarly situated



8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA

10  ERNEST MICHAEL BAKENIE, an          CASE NO. **SACV12-0060 JVS (MLGx)**
11  individual; STEVEN MICHAEL
    WHITCOMB, an individual;            Assigned to:  Honorable James Selna
12  FREDDY S. ESTRELLA, an individual;
13  JENNIFER E. CARILLO-THOMAS, an      **FIRST AMENDED COMPLAINT**
14  individual; GEOFFREY MONCREIF, an
    individual; on behalf of themselves and all   **1. Unlawful/Unfair Acts §17200**
15  others  similarly situated,             Improper Notarial Business Practices
16
17                    Plaintiffs,
    vs.                                  **DEMAND FOR JURY TRIAL**
18                                       **Complaint filed:  January 13, 2012**
19  JPMORGAN CHASE BANK, N.A.;
20  NDEX WEST, LLC, a Delaware limited
    liability company; CALIFORNIA
21  RECONVEYANCE COMPANY, a
    California corporation; CAL-WESTERN
22  RECONVEYANCE CORPORATION, a
    California Corporation and DOES 1
23  through 10, inclusive,
24
25
26                    Defendants.
27
28
                            1

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

Plaintiffs captioned above, by and through their attorney of record, bring this action against defendants JPMORGAN CHASE BANK, N.A., ("CHASE"), NDEX WEST, LLC ("NDEX"), CALIFORNIA RECONVEYANCE COMPANY ("CAL-RECON") CAL-WESTERN RECONVEYANCE CORPORATION ("CAL-WESTERN") AND DOES 1 through 10, inclusive, inclusive (collectively, "Defendants") and alleges the following on information and belief, except as to those allegations which pertain to the Plaintiffs:

## **VENUE**

1.      The Court has subject matter jurisdiction over this action under 28 USC § 1331 wherein the action arises under the Constitution, laws or treaties of the United States and/or under 28 USC § 1332 wherein this is a class action potentially over $10,000,000.00 where at least one plaintiff is diverse from one defendant.

2.      The Court has personal jurisdiction over the defendants in this action by the fact that the Defendants are conducting business in the state of California.

3.      Nothing in the Consent Order entered into between CHASE and the United States Department of Treasury's Office of the Comptroller of Currency (the "OCC") signed on April 13, 2011 restricts this Court's jurisdiction, as the Plaintiffs' rights here do not derive from the Consent decree nor is adequate relief provided for under the Consent decree.

4.      Plaintiffs seek equitable relief arising from defendants' systemic violations of California Notary laws and will not affect enforcement or otherwise restrict the scope of Consent decree.  Plaintiffs seek equitable relief to compel defendants to cure the effect of the widespread dissemination of improperly acknowledged foreclosure documents in public land records and expect that this action will be joined by several California County District Attorneys.

2

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

5.    Venue is proper in this Court pursuant to 28 USC § 1392 because the action involves real property located in the Central District of California; and pursuant to 28 USC § 1391(b) and a substantial part of the events or omissions on which the claims are based occurred in this District.

# I.    **PARTIES**

6.   Defendant, JPMORGAN CHASE N.A. ("CHASE") is a national banking association organized and existing under the laws of the United States, with its principal banking association organized and existing under the laws of the United States, headquartered in the State of New York and doing business in the State of California.

7.   Defendant NDEX WEST, LLC, a Delaware limited liability company, is the alleged Trustee in hundreds of California Deeds of Trusts serviced or owned by CHASE.  At all times relevant NDEX acted an agent to and under the exclusive control of CHASE.

8.   Defendant CAL-RECON, a California Corporation, is the alleged Trustee in hundreds of California Deeds of Trusts serviced or owned by CHASE. At all times relevant CAL RECON acted an agent to and under the exclusive control of CHASE.

9.   Defendant CAL-WESTERN, a California Corporation, is the alleged Trustee in hundreds of California Deeds of Trusts serviced or owned by CHASE. At all times relevant CAL RECON acted an agent to and under the exclusive control of CHASE.

10. Plaintiff, ERNEST MICHAEL BAKENIE, at all times mentioned herein relevant to the First Amended Complaint is a resident of the State of California and the owner of real property secured by a defaulted Note and Deed of Trust allegedly serviced by Defendants.

11. Plaintiff, STEVEN MICHAEL WHITCOMB,, at all times mentioned herein relevant to the First Amended Complaint is a resident of the State of California and the owner of real property secured by a defaulted Note and Deed of Trust allegedly serviced by Defendants.

3

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

12. Plaintiff, FREDDY S. ESTRELLA, at all times mentioned herein relevant to the First Amended Complaint is a resident of the State of California and the former owner of real property secured by a defaulted a Note and Deed of Trust allegedly serviced by Defendants.

13. Plaintiff, JENNIFER E. CARILLO THOMAS, at all times mentioned herein relevant to the First Amended Complaint is a resident of the State of California and the former owner of real property secured by a defaulted Note and Deed of Trust allegedly serviced by Defendants.

14. Plaintiff, GEOFFREY MONCREIF, at all times mentioned herein relevant to the First Amended Complaint is a resident of the State of California and the former owner of real property secured by a defaulted Note and Deed of Trust allegedly serviced by Defendants.

15. Plaintiffs do not know the true names and capacities of the defendants DOES 1 through 10, inclusive, and, as such, names said defendants by such fictitious names.  Plaintiffs will amend the complaint to state the true name and capacity of the DOE defendant(s) when such information is ascertained.

16.  Plaintiffs are informed and believe, and allege thereon, that each defendant is responsible in some manner for the occurrences alleged in the complaint at all times mentioned and that plaintiffs', and the general public's, actual injuries were proximately caused by the defendants business practices.

17. Plaintiffs are further informed and believe, and allege thereon, that each defendant was the agent, servant, representative, and/or employee of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives, family members and/or employees, and with the permission and consent of their co-defendants.

**4**

**FIRST AMENDED CLASS ACTION COMPLAINT**
***BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.***

18. Additionally, plaintiffs are informed and believe, and allege thereon, that each defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the actions of every other defendant and that each corporate defendant, if any, was acting as the alter ego of the other in the acts alleged herein.

## IMPROPER NOTARIAL BUSINESS PRACTICE ALLEGATIONS

19. Plaintiff incorporates these allegations into the claim below as though fully set forth herein.

20. A notary public is an official entrusted by her state to serve as an objective witness to the execution of specific legal documents. This function serves to inhibit the fraudulent manipulation of identity and ensure a properly formatted signature. Normally commissioned by the Secretary of State, and always subject to state laws and discipline, an individual seeking commission as a notary must satisfy criteria regarding character and competence.

21. The acts of notaries are *official state acts* regulated by professional code and state statutes. The statutory and professional duties of notaries include verification that a signer of a document presented satisfactory evidence of identity, oath, appeared in the Notary's presence, and actually signed the document. It is unlawful for a non-notary to act as a notary or to use the stamp, signature of sequential journal of a notary. In California and in other states, a notary is required to have, use and keep secure a notary seal and sequential journal. A notary public is required to keep one active sequential journal at a time of all acts performed as a notary public. The journal must be kept in a locked and secured area (such as a lock box or locked desk drawer), under the direct and exclusive control of the notary public. The sequential journal is the exclusive property of the notary public and shall not be surrendered to an employer upon termination of employment.

5

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

22. The official acts of notaries, including proper acknowledgement; affect the evidentiary value of documents.  A duly notarized foreclosure document executed on behalf of an incorporated or unincorporated entity by a duly authorized person is *prima facie evidence* that the instrument is the duly authorized act of the entity named in the instrument.  As such, Courts, title companies and the public general give great deference and assume the validity of notarized documents.

23. Defendants' loan servicing business includes the processing and acknowledgment of tens of thousands of documents created in contemplation of non-judicial foreclosure of real property.

24. In a proper and lawful notarization business practice, compliance with notary laws and standards, proper due diligence and maintenance of sequential notary logs would represent a substantial cost of doing business for defendants and its competitors.

25. So as to substantially reduce legitimate notary related costs, and so as to enhance the illusion and evidentiary value of non-judicial foreclosure documents, most of which contain a range of inaccurate, deceptive and fraudulent representations of fact, defendants have implemented a business practice that relies upon the systemic violation of notary laws and standards.

26. That this practice has polluted our public land records of non-judicial foreclosure documents which very often contain false, improper, inaccurate and fraudulent content as well as faulty acknowledgements.

27. Notwithstanding their content, because these documents appear to be properly acknowledged, the documents are presumed by the public, citizens, title companies, judges, trustees, buyers, attorneys and borrowers to be *prima facie evidence* that the document is the duly authorized act of the entity named in the instrument (see Civil Code Section 1190).

**6**

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

28. While the foreclosure documents themselves are published in contemplation of effectuating non-judicial foreclosure, in an increasing number of cases, Defendants exploit the evidentiary presumption of validity of improperly acknowledged documents in hundreds of bankruptcy and foreclosure defenses cases, including those of each lead Plaintiff.

29. Each lead Plaintiff was the borrower of a residential mortgage loan ("MLN") that is a non-negotiable instrument and which MLN is now owned or serviced by Defendant or its agents.

30. In each case, Defendants initiated, and in some cases completed, a non-judicial foreclosure of the subject properties under the California statutory scheme, Civil Code Section 2924.

31. In each, case Defendants caused various documents to be recorded in the public land records, each of which were created by Defendants in contemplation of a non-judicial foreclosure.

32. Said documents were each executed by an agent of Defendants who lacked any personal knowledge as to the facts asserted in each document and who lacked any agency relationship to the true party entitled to enforce the terms of the subject MLN.

33. That each foreclosure document was improperly acknowledged and derived from a promoted culture of speed obsessed "Robo-signing" central to which is an institutionalized business practice which relies upon the soliciting, coercing and influencing of improper notarial acts, known by defendants to be wrongful, deceptive and improper.

34. Said foreclosure documents were acknowledged by non-notaries, acknowledged outside the presence of the signers, acknowledged without verification of the signer's identification, and acknowledged without proper recordation in a sequential journal.

35. Plaintiffs are informed, believe and herein allege that in connection with a California residential mortgage default servicing portfolio, Defendants have implemented and engaged in a deceptive, unlawful and unfair business practices each of which institutionalize the

7

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

soliciting, coercing and influencing the performance of improper notarial acts in violation of <u>CA Government Code Section 8225</u> and other state laws.

36. As required under California law, certain foreclosure documents are required to be properly acknowledged by a notary prior to recording in the public land record.

37. Central to this *unlawful* practice is the creation, execution and publication of tens of thousands of improperly acknowledged foreclosure related documents in the public land records. While the practice has saved defendants millions in processing costs, the practice has polluted our public land records system with improperly acknowledged foreclosure documents.

38. The business practice allows non-notaries to act in a notary's capacity, eliminates the time, need and effort to maintain notary standards, eliminates the time, need and effort to maintain journals and further facilitates quick and inexpensive non-judicial foreclosure of California real property with total disregard for the law and the rights of the affected Class members.

39. On March 12, 2012 the Office of the Inspector General of the U.S. Department of Housing and Development reported its review of CHASE's foreclosure processes and found that:

> "<u>Notaries public *routinely* notarized documents without witnessing affiant signatures. They also failed to maintain required records of the documents they notarized</u>"

40. The Inspector General reported that individual employees of defendants are required to "facilitate" the acknowledgment of over 700 foreclosure documents in a single week.

41. Faced with such a work load and in an effort to save due diligence costs and maximize profit Defendants have elected to institutionalize systemic violation of notary laws and standards. Rather than incur the legitimate cost of doing business in the Loan Servicing Market,

8

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

Defendants have chosen to rely upon systematic improper notarization as the center piece of its foreclosure practice.

42. To this end, Defendants knowingly solicit, coerce and influence the performance of improper notarial acts and has institutionalized the very practice of violating Notary laws and professional standards.  Defendants knowingly solicit, coerce and influence its notaries through unrealistic productivity requirements and by intentionally mismanaging the acknowledgment process.

43. Defendants knowingly solicit, coerce and influence its notaries and non-notary agents to engage in improper notarial acts frequently and in wide variety, including but not limited to: soliciting, coercing and influencing acknowledgement of documents not in the presence of the signer, acknowledgement of documents without proper identification, execution and acknowledgement of documents by a notary,  acknowledgement of documents by non-notaries, use the notary stamps by non-notaries, use of digital reproduction of notary stamps and signatures, acknowledgement of documents where the notary has no personal knowledge of a signer's corporate role,  failure of the notary to record transactions in the notary sequential journal, allowing access by non-notaries to the sequential journal, failure to obtain the signature and thumbprint of the signer in the sequential journal at the time of acknowledgement and the failure to secure the sequential journal in a safe and secure place.

## **BAKENIE FACTS**

44. Plaintiffs incorporate these allegations into the claim below as though fully set forth herein.

45. That the Bakenie facts are a typical example of the implementation of defendants' business practice.

9

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

46. Bakenie's only significant asset is his residence at 1617 West Balboa Blvd., Newport Beach CA 92663 (the "Bakenie Property"). On or about July 1, 2006, Plaintiff entered into a residential refinance loan with CHASE for $1,170,000.00 secured by a deed of trust.

47. That following his loss of employment as a licensed real estate broker and a devastating motorcycle accident, Plaintiff defaulted on the loan, property taxes and a junior lien in early 2009. Facing an imminent foreclosure sale, the Plaintiff filed a Chapter 7 voluntary petition on August 13, 2009 [Case number 8:09-bk-18443-TA].

48. That on December 15, 2009 CHASE filed a Notice of Motion and Motion for Relief of the Automatic Stay regarding 1617 West Balboa Blvd. Newport Beach, CA.

49. That CHASE and its agents went to great length to create the illusion of standing in the Motion for Relief offering a fabricated endorsement and a false declaration by Kimberly M. Horne executed under penalty of perjury. The fabricated endorsement was purportedly executed as payable in blank on August 25, 2006 and allegedly executed by ANGELA NOLAN, Assistant Vice President of Chase Home Finance LLC. ANGELA NOLAN is not an Assistant Vice President of Chase Home Finance LLC.

50. That at no time during the pendency of this bankruptcy matter did CHASE disclose to Plaintiff, the Court or the Chapter 7 Trustee that U.S. Bank, as trustee for CHASE Mortgage Finance Trust Series 2006-1 claimed to own the loan.

51. That on December 29, 2009, the designated Chapter 7 Trustee Richard Marshack, represented by Plaintiff's current counsel, filed a Complaint against CHASE [Adversary case 8:09-ap-01814] based on CHASE as the true party in interest. The matter was filed on behalf of the bankruptcy estate based upon violations of the Truth in Lending Act unrelated to the instant action and seeking rescission of the original transaction.

**FIRST AMENDED CLASS ACTION COMPLAINT**
***BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.***

52. The Court entered an Order granting CHASE's motion for relief on January 19, 2009.  The bankruptcy court and the Chapter 7 Trustee each believed that CHASE's representations that it was the party entitled to enforce the terms of the MLN.  That CHASE added attorney fees to Bakenie's loan balance for the motion for relief.

53. Thereafter, CHASE filed a Motion to Dismiss the Complaint and alleged that it was NOT the true owner of the note.  **EXHIBIT 1** purports to be an Assignment of Deed of Trust executed by LUPE TABITA on behalf of CHASE and executed on April 21, 2009 and recorded on July 28, 2009 with the Orange County Official Records.   The Assignment states that CHASE transferred the all beneficial interest in the Deed of Trust along with the Note to U.S. Bank, N.A. as trustee for CHASE Mortgage Finance Trust Series 2006-1

54. That Bakenie Assignment includes an acknowledgement executed by "J. BARRAGAN", California Notary commission #1635125.

55. That ANGELA NOLAN, MARY J. LUPE TABITA, DOE 1 and that U.S. Bank, as trustee for CHASE Mortgage Finance Trust Series 2006-1 were at all times herein acting as agents and at the direction of CHASE.

56. That the referenced Bakenie Assignment is a fabricated and "photo-shopped" document created to support the illusion that the CHASE Mortgage Finance Trust Series 2006-1 is the true party in interest and therefore standing to enforce the terms of the Bakenie MLN.

57. That "J. BARRAGAN" and DOE 1 have engaged in improper notarial acts: that DOE 1 purported to act as a notary when he signed the Bakenie Assignment, that J. BARRAGAN was not duly commissioned, that this document was not actually signed by J. BARRAGAN, that J. BARRAGAN did not properly acknowledge this document, that J. BARRAGAN did willfully fail to keep his notary seal under his direct and exclusive control, that J.

**11**

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

BARRAGAN did not duly record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged by J. BARRAGAN.

58. Those defendants solicited, coerced and influenced DOE 1 and J. BARRAGAN and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts.

59. **EXHIBIT 2** purports to be a Substitution of Trustee executed by WHITNEY K.COOK on behalf of CHASE HOME FINANCE LLC and executed on April 21, 2009 and recorded on July 28, 2009 with the Orange County Official Records.   The Assignment states that CHASE HOME FINANCE LLC, acting as attorney in fact, appoints NORTHWEST TRUSTEE SERVICES, INC. as Trustee of the Bakenie Deed of Trust.

60. That Bakenie Assignment includes an acknowledgement executed by "NICOLE KNISLEY," an Ohio Notary.

61. That the referenced Bakenie Substitution of Trustee ("SOT") is a fabricated and "photo-shopped" document created to support the illusion that the CHASE Mortgage Finance Trust Series 2006-1 is the true party in interest and therefore standing to name a new trustee to the Bakenie Deed of Trust.

62. That NICOLE KNISLEY, WHITNEY K.COOK, NORTHWEST TRUSTEE SERVICES INC., CHASE HOME FINANCE LLC, DOE 1 and U.S. Bank, as trustee for CHASE Mortgage Finance Trust Series 2006-1 were at all times herein acting as agents and at the direction of CHASE.

63. That "NICOLE KNISLEY" and DOE 1 have engaged in improper notarial acts:  that DOE 1 purported to act as a notary when he signed the Bakenie Assignment, that NICOLE KNISLEY was not duly commissioned, that this document was not actually signed by

12

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

NICOLE KNISLEY, that NICOLE KNISLEY did not properly acknowledge this document, that NICOLE KNISLEY did willfully fail to keep his notary seal under her direct and exclusive control, that NICOLE KNISLEY did not duly record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged by NICOLE KNISLEY in violation of Ohio and California Notary laws.

64. Those defendants solicited, coerced and influenced DOE 1 and NICOLE KNISLEY and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts.

65. That the Adversary Proceeding Complaint was amended by the Chapter 7 Trustee to grant the debtor standing and to add Bakenie as a Plaintiff to the matter. After the Bankruptcy Court determined that even if the estate's TILA claim was valid, the estate was unlikely to be able to "carve out" enough equity to justify liquidation of the property, the Chapter 7 trustee and Bakenie stipulated to dismiss the Truth in Lending claims against both CHASE and for CHASE Mortgage Finance Trust Series 2006-1 without prejudice. The Trustee abandoned all claims to the Plaintiff and filed a no asset report on or about April 18, 2010.

66. That Bakenie filed a Complaint in Federal Court alleging the same Truth in Lending violations, Debt collection claims and a Unlawful/Unfair Acts §17200 claim against CHASE and U.S. BANK, N.A., as trustee for CHASE Mortgage Finance Trust Series 2006-1.

67. That following a Motion to Dismiss Bakenie's First Amended case, the Court dismissed all claims except the Unlawful/Unfair Acts §17200 claim. Prior to trial Bakenie and Defendants CHASE and for CHASE Mortgage Finance Trust Series 2006-1 stipulated to dismiss the remaining Unlawful/Unfair Acts §17200 claim without prejudice and to pursue a resolution outside of court. That the matter was never settled. That Bakenie filed a Complaint in

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

Superior Court alleging claims including fraud and wrongful foreclosure on August 8, 2011. That the Superior Court case was dismissed without prejudice.

68. That Plaintiff intends to pursue individual claims outside of this Class Action and does not seek a determination of his claims for Wrongful Foreclosure or the legal effect of improper notarization of foreclosure documents affecting Plaintiff's property.

69. Rather, that Plaintiff seeks a determination of the scope of the systemic nature of the defendants' improper notarial practice, a determination of the validity of all acknowledgments published by defendants affecting Plaintiff's property, a determination of malice, a determination of restitution as appropriate and a determination of the remedial measures necessary to correct the public land records public land records for all.

70. That it is impractical, repetitive and unnecessarily expensive for Plaintiff and others similarly situated to prove these allegations individually, as the allegations complain of a systemic and institutional practice.

## **WHITCOMB FACTS**

71. Plaintiffs incorporate these allegations into the claim below as though fully set forth herein.

72. That the Whitcomb facts are a typical example of the implementation of defendants' business practice where a loan originator files for Chapter 11 bankruptcy.

73. Whitcomb's only significant asset is his residence at 5911 EDMONDS CIRCLE, HUNTINGTON BEACH CA 92649 (the "Whitcomb Property"). On or about 7/27/2005, Plaintiff entered into a residential refinance loan with RESMAE MORTGAGE CORPORATION for $637,500.00 secured by a deed of trust.

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

74. On 2/12/2007, RESMAE MORTGAGE CORPORATION filed for relief under Chapter 11 of the U.S. Bankruptcy Code, Case number   07-10177-KJC (DELAWARE).  A bankruptcy estate was created, assets were liquidated and that case closed on 12/23/2010.

75. That following his loss of employment, Plaintiff defaulted on the loan. A Notice of Default ("NOD") was executed and recorded by VANGIE ORTEGA, on or about January 17, 2008, on behalf of FIRST AMERICAN TITLE INSURANCE COMPANY, AS AGENT to CAL-WESTERN.  The NOD lists the HSBC BANK USA., N.A, as Trustee for FRIEDMAN, BILLINGS RAMSEY GROUP, INC. (FRB) ONAME FBRSI 2005-4 ("ONAME TRUST").

76. YVONNE J. WHEELER, Assistant Secretary of Mortgage Electronic Registration Systems, Inc. (Hereinafter "MERS") executes a Substitution of Trustee which purports to name CAL-WESTERN as the TRUSTEE to the Deed of Trust on 1/10/2008. **EXHIBIT 3.**  That the Substitution of Trustee includes an acknowledgement executed by "J. RANKIN", a California Notary, Commission #1736533.

77.  That WHEELER, J. RANKIN, CAL-WESTERN, MERS, ONAME TRUST, FRB TRUST and DOE 2 were at all times herein acting as agents and at the direction of CHASE.

78. That the referenced Whitcomb Substitution of Trustee was a fabricated and "photo-shopped" document created to support the illusion that the ONAME TRUST is the true party in interest and therefore standing to name a new trustee to the Whitcomb Deed of Trust.

79. That  J. RANKIN and DOE 2 have engaged in improper notarial acts:  that DOE 2 purported to act as a notary when he signed the Whitcomb Substitution of Trustee, that J. RANKIN was not duly commissioned, that this document was not actually signed by J. RANKIN, that J. RANKIN did not properly acknowledge this document, that J. RANKIN did willfully fail to keep his notary seal under his direct and exclusive control, that J. RANKIN did not duly

**15**

record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged by J. RANKIN.

80. Those defendants and its agents solicited, coerced and influenced DOE 2 and J. RANKIN and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts.

81. **EXHIBIT 4** purports to be the FIRST Assignment of Deed of Trust executed by YVONNE J. WHEELER on behalf of MERS and executed on January 10, 2008 and recorded on August 20, 2008 with the Orange County Official Records.   The Assignment states that MERS, on behalf of the bankrupt RESMAE MORTGAGE CORPORATION, purportedly transferred the all beneficial interest in the Deed of Trust together with the Note to the ONAME TRUST. The FIRST Whitcomb Assignment includes an acknowledgement executed by "MARY J. STATHAM", California Notary commission #1646046.

82. That WHEELER, MARY J. STATHAM, MERS, DOE 2, ONAME TRUST, FRB TRUST and Cal-Western were at all times herein acting as agents and at the direction of CHASE.

83. That the referenced Whitcomb FIRST Assignment is a fabricated and "photo-shopped" document created to support the illusion that the OMANE TRUST is the true party in interest and therefore standing to enforce the terms of the Whitcomb MLN, notwithstanding the bankruptcy filing of the loan's originator prior to the alleged transfer date.

84. That MARY J. STATHAM and DOE 2 have engaged in improper notarial acts: that DOE 2 purported to act as a notary when he signed the Whitcomb FIRST Assignment, that MARY J. STATHAM was not duly commissioned, that this document was not actually signed by MARY J. STATHAM, that MARY J. STATHAM did not properly acknowledge this document, that MARY J. STATHAM did willfully fail to keep his notary seal under his direct

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

and exclusive control, that MARY J. STATHAM did not duly record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged MARY J. STATHAM in violation of California Notary law..

85. That defendants and its agents solicited, coerced and influenced DOE 2 and MARY J. STATHAM and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts.

86. Whitcomb filed a Voluntary Petition under Chapter 7, Case number 8:09-bk-21777-RK and thereby enjoining the non-judicial foreclosure sale.

87. That on February 4, 2010 CHASE filed a Notice of Motion and Motion for Relief of the Automatic Stay regarding the Whitcomb property in the name of HSBC, as trustee to the FBR TRUST.

88. The motion claims that FBR TRUST has legal standing as the "current owner of the note and is entitled to enforce the provisions of the Note and Deed of Trust". In support, the motion includes a copy of the note and deed of trust. In support, the motion includes a copy of second assignment but not the first assignment. The Note produced by FBR TRUST contains no endorsement of any kind.

89. Again, defendants went to great length to create the illusion of standing in the Motion for Relief offering a SECOND Assignment of Deed of Trust (**EXHIBIT 5**) and a false declaration by JAMIE DOWNEY executed under penalty of perjury.

90. **EXHIBIT 5** purports to be the SECOND Assignment of Deed of Trust executed by WHITNEY K. COOK on behalf of the OMANE TRUST and executed on December 9, 2009 and recorded on January 7, 2010 with the Orange County Official Records. The SECOND Assignment states that CHASE, on behalf of the ONAME TRUST, purportedly transferred

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

the all beneficial interest in the Deed of Trust together with the Note to the ONAME TRUST. The SECOND Whitcomb Assignment includes an acknowledgement executed by "WENONA CHURCH", an OHIO Notary.

91. That WHEELER, COOK, MERS, DOE 2, ONAME TRUST, FRB TRUST and Cal-Western were at all times herein acting as agents and at the direction of defendants.

92. That the referenced Whitcomb SECOND Assignment is a fabricated and "photo-shopped" document created to support the illusion that the FBR TRUST is the true party in interest and therefore standing to enforce the terms of the Whitcomb MLN, notwithstanding the bankruptcy filing of the loan's originator prior to a transfer to the ONAME TRUST.

93. That WENONA CHURCH and DOE 2 have engaged in improper notarial acts: that DOE 2 purported to act as a notary when he signed the Whitcomb SECOND Assignment, that WENONA CHURCH was not duly commissioned, that this document was not actually signed by WENONA CHURCH, that WENONA CHURCH did not properly acknowledge this document in violation of Ohio and California notary laws, that WENONA CHURCH did willfully fail to keep his notary seal under his direct and exclusive control, that WENONA CHURCH did not duly record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged WENONA CHURCH in violation of Ohio and California Notary laws.

94. Those defendants and its agents solicited, coerced and influenced DOE 2 and WENONA CHURCH and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts.

95. The Bankruptcy Court entered an Order granting the motion for relief on March 19, 2010. The bankruptcy court and the Chapter 7 Trustee each believed that CHASE's representations

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

that it was the party entitled to enforce the terms of the MLN.  That CHASE added attorney

fees to Whitcomb's loan balance for the motion for relief.

96. That Whitcomb filed a Complaint in Superior Court alleging claims including fraud and

wrongful foreclosure.  That the Superior Court case was dismissed without prejudice by

Whitcomb prior to discovery and a pending demurrer.

97. Whitcomb intends to pursue his individual claims.  But it is impractical, repetitive and

unnecessarily expensive for Plaintiff and others similarly situated to prove these allegations

individually, as the allegations complain of a systemic and institutional practice.

98. Rather, that Plaintiff seeks a determination of the scope of the systemic nature of the

defendants' improper notarial practice, a determination of the validity of all acknowledgments

published by defendants affecting Plaintiff's property, a determination of malice, a

determination of restitution as appropriate and a determination of the remedial measures

necessary to correct the public land records for all.

## **ESTRELLA FACTS**

99. Plaintiffs incorporate these allegations into the claim below as though fully set forth herein.

100. That the Estrella facts are a typical example of the implementation of defendants'

business practices after originating an MLN then selling the loan to a Government sponsored

Enterprise, in this case the Federal National Mortgage Association ("FANNIE MAE").

101. So as to save costs, CHASE perpetrates the illusion that the sale of MLNs to Fannie

Mae, never actually occurs.  Defendants rely on the use of improperly notarized documents to

accomplish this cost savings objective.

19

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

102.     Estrella's only significant asset is his residence at 1614 W. 62ND ST., LOS

ANGELES, CA 90047 (the "Estrella Property").  On or about July 6, 2006, Plaintiff entered

into a residential refinance loan with CHASE for $376,000.00 secured by a deed of trust.

103.     That following his loss of employment, Plaintiff defaulted on the loan. A Notice of

Default ("NOD") was recorded on June 25, 2008.

104.     **EXHIBIT 6** purports to be an Assignment of Deed of Trust executed by CLAYTON

GOFF, Associate Counsel of NDEX WEST LLC as Attorney in fact for JPMORGAN

CHASE BANK, N.A. on July 21, 2008 and recorded on July 24, 2008 with the Orange

County Official Records.   The Assignment states that NDEX, on behalf of JPMORGAN

CHASE BANK, N.A, transfers all beneficial interest in the Deed of Trust together with the

Note to CHASE HOME FINANCE LLC.  The Estrella Assignment includes an

acknowledgement executed by "KAUSER RAHIM", Texas Notary.

105.     That CLAYTON GOFF is *not* an Associate Counsel of NDEX WEST LLC.

106.     That NDEX WEST LLC, CHASE HOME FINANCE LLC, KAUSER RAHIM, DOE

3 and CLAYTON GOFF were each as agents and at the direction of CHASE.

107.     That the referenced Estrella Assignment is a fabricated and "photo-shopped"

document created to support the illusion that the CHASE HOME FINANCE LLC is the true

party in interest and therefore standing to enforce the terms of the Estrella MLN,

notwithstanding the bankruptcy filing of the loan's originator prior to the alleged transfer

date.

108.     That KAUSER RAHIM and DOE 3 have engaged in improper notarial acts in

violation of Texas and California law:  that DOE 3 purported to act as a notary when he

signed the Estrella Assignment, that KAUSER RAHIM was not duly commissioned as a

20

FIRST AMENDED CLASS ACTION COMPLAINT

*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

Texas notary, that this document was not actually signed by KAUSER RAHIM, that KAUSER RAHIM did not properly acknowledge this document, that KAUSER RAHIM did willfully fail to keep his notary seal under his direct and exclusive control, that KAUSER RAHIM did not duly record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged KAUSER RAHIM in violation of Texas and California Notary law.

109.     That CHASE and other defendants solicited, coerced and influenced DOE 3 and KAUSER RAHIM and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts in violation of Texas and California Notary law.

110.     On July 17, 2008, AARON BROWN, Associate Counsel for NDEX WEST LLC, as Attorney in Fact for HOME FINANCE LLC executes a Substitution of Trustee which purports to appoint NDEX WEST LLC as the TRUSTEE to the Estrella Deed of Trust, attached as **EXHIBIT 7.** That the Substitution of Trustee includes an acknowledgement executed by "PATRICK DE JESUS", a Texas Notary.  That the Substitution of Trustee includes an affidavit of Section 2934 compliance signed by Brooke Ewing and an acknowledgement executed by "SANDRA PITKA", a Texas Notary.

111.     That AARON BROWN is *not* Associate Counsel for NDEX WEST LLC, nor can an attorney in fact, under the most basic tenets of agency law, substitutes itself as Trustee of a Deed of Trust.

112.     That BROWN, PITKA, DE JESUS, DOE 3, NDEX WEST LLC and CHASE HOME FINANCE LLC were each as agents and at the direction of CHASE.

113.     That the referenced Estrella Substitution of Trustee is a fabricated and "photo-shopped" document created to support the illusion that the CHASE HOME FINANCE LLC is the true party in interest and therefore standing to name a new trustee to the Estrella Deed of Trust.

21

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

114.    That DE JESUS, PITKA and DOES 3 have engaged in improper notarial acts in violation of Texas and California Notary laws:  that DOE 3 each purports to act as a notary when they each signed the Estrella Substitution of Trustee, that neither DE JESUS or PITKA were duly commissioned, that this document was not actually signed by DE JESUS or PITKA, that neither DE JESUS or PITKA did properly acknowledge this document, that DE JESUS and PITKA did willfully fail to keep their notary seal under his direct and exclusive control, that neither DE JESUS nor PITKA did duly record this transaction in a sequential journal or keep said journal in a safe and secure place, that this document is not duly acknowledged by either DE JESUS or PITKA in violation of Texas and California Notary law.

115.    That CHASE and other defendants solicited, coerced and influenced DOE 3, PITKA and DE JESUS and to engage in the aforementioned improper notarial acts when it knew these acts to be improper notarial acts.

116.    On September 9, 2010 Estrella filed a Voluntary Petition under Chapter 7, Case number 2:10-bk-49820-AA thereby enjoining the non-judicial foreclosure sale.

117.    That on November 17, 2010 CHASE filed a Notice of Motion and Motion for Relief of the Automatic Stay regarding the Estrella property in the name of CHASE HOME FINANCE LLC

118.    The motion claims that CHASE HOME FINANCE LLC has legal standing as the current owner of the note and is entitled to enforce the provisions of the Note and Deed of Trust.  In support, the motion includes a copy of the note and deed of trust.  In support, the motion includes a copy of the assignment.

**22**

**FIRST AMENDED CLASS ACTION COMPLAINT**
***BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.***

119.     Estrella presented evidence that the subject loan was actually owned by FANNIE MAE. Relying on the fabricated and improperly acknowledged Assignment of Deed of Trust and assuming it to be properly acknowledged, the bankruptcy court granted relief of stay.

120.     Again, CHASE and other defendants went to great length to create the illusion of standing in a Motion for Relief offering an improperly acknowledged foreclosure document Assignment of Deed of Trust and a false declaration so as to create the illusion that CHASE was the true party in interest.

121.     The bankruptcy court and the Chapter 7 Trustee each believed that CHASE's representations that it was the party entitled to enforce the terms of the MLN. That CHASE added attorney fees to Estrella's loan balance for the motion for relief.

122.     On April 1, 2011, CHASE caused the Estrella property to be sold at a non-judicial foreclosure sale. To date, no DEED UPON TRUSTEE SALE has yet been recorded to FANNIE MAE.

123.     However, FANNIE MAE has delivered a post-foreclosure correspondence to Estrella wherein FANNIE MAE claims that it is now the owner of the subject property and asserting its authority to offer "cash for keys" to Estrella if he immediately surrenders the property to FANNIE MAE.

124.     That Plaintiff intends pursue individual claims outside of this Class Action and does not seek a determination of his claims for Wrongful Foreclosure or the legal effect of improper notarization of foreclosure documents affecting Plaintiff's property.

125.     Rather, that Plaintiff seeks a determination of the scope of the systemic nature of the defendants' improper notarial practice, a determination of the validity of all acknowledgments published by defendants affecting Plaintiff's property, a determination of malice, a

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

determination of restitution as appropriate and a determination of the remedial measures necessary to correct the public land records public land records for all.

126.      That it is impractical, repetitive and unnecessarily expensive for Plaintiff and others similarly situated to prove these allegations individually, as the allegations complain of a systemic and institutional practice.

## CARILLO-THOMAS FACTS

127.      Plaintiffs incorporate these allegations into the claim below as though fully set forth herein.

128.      That the Carillo-Thomas (Hereinafter "Carillo") facts are a typical example of the implementation of CHASE's business practices where a loan originator files for Chapter 11 Bankruptcy before the alleged transfer of the MLN and where CHASE, as servicer, forecloses on the subject property during the HAMP loan modification process.

129.      So as to save costs, CHASE perpetrates the illusion that the sale of MLNs to a private mortgaged backed security trust occurs after the loan originator enters bankruptcy but without that court's authorization.  CHASE relies on the use of improperly notarized documents to accomplish this cost savings objective.

130.      Carillo's only significant asset is her residence at 24120 ESMERALDA COURT, WILDOMAR, CALIFORNIA 92595 (the "Carillo Property").  On or about 10/27/2006, Plaintiff entered into a residential refinance loan with BNC MORTGAGE INC. for $479,200.00 secured by a deed of trust.

131.      September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy Code.

**24**

FIRST AMENDED CLASS ACTION COMPLAINT
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*

132.     Subsequently, 22 additional affiliates of LBHI, including loan originator BNC

MORTGAGE INC., filed petitions thereafter in the United States Bankruptcy Court for the

Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy

Code. BNC MORTGAGE LLC, the parent of BNC MORTGAGE INC., filed such a petition in

the United States Bankruptcy Court for the Southern District of New York seeking relief under

chapter 11 of the United States Bankruptcy Code on January 9, 2009. On January 14, 2009,

Judge Peck signed an Order Consolidating the BNC and Lehman Brothers bankruptcy cases.

133.     Consequently, the MERS agency relationship with BNC MORTGAGE INC. ended on

January 9, 2009.

134.     Carillo defaulted on the obligation and CHASE and its agent NDEX caused a Notice of

Default to be filed in the Official Records of the County of RIVERSIDE on February 23, 2009.

135.     On April 6, 2009, Defendants CHASE, through its agents NDEX and MERS caused an

ASSIGNMENT OF DEED OF TRUST to be filed in the Official Records of the County of

RIVERSIDE. Said document purports to transfer the Deed of Trust "together with the note or

notes therein described or referred to, the money due and to become due thereon with interest,

and all rights accrued or to accrue under the Deed of Trust" to Defendant U.S. BANK

NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES

CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, 2006-BC6.   At the time

of the transfer, said Note was property of the BNC bankruptcy estate.

136.     **EXHIBIT 8** purports to be an Assignment of Deed of Trust executed by DAVID

SEYBOLD, Assistant Secretary of MERS executed on March 26, 2009. July 21, 2008 and

recorded on July 24, 2008 with the Orange County Official Records.   The Carillo Assignment

includes an acknowledgement executed by "SUZANNE STANLEY", Texas Notary.

**FIRST AMENDED CLASS ACTION COMPLAINT**
*BAKENIE, et al. v JPMORGAN CHASE BANK, N.A.*