UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-60 JVS (MLGx) | Date | August 6, 2012 |
| Title | Ernest Michael Bakenie v. JPMorgan Chase Bank, N.A. et al., | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers)**
Order Granting  Defendant JPMorgan Chase Bank, N.A.'s and Defendant California Reconveyance Company's Motion to Dismiss Plaintiffs' First Amended Compliant (fld 6-7-12);  Defendant NdeX West, LLC's Joinder of Defendant NDeX West, LLC in Motion of Defendants JPMorgan Chase Bank, N.A. and California Reconveyance Company to Dismiss Plaintiff's First Amended Complaint (fld 6-7-12) and Defendant Cal-Western Reconveyance Corporation's Joinder to Motion to Dismiss of JP Morgan Chase Bank, N.A. to Plaintiff's First Amended Complaint  (fld 6-8-12)

　　　　**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS  the defendants' Motions referenced above  and rules in accordance with the tentative ruling as follows:**

Defendants JPMorgan Chase Bank, N.A. ("Chase Bank") and California Reconveyance Company move to dismiss Plaintiffs' First Amended Class Action Complaint ("FAC")[1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket No. 36.)[2]

---

[1] The named Plaintiffs are Ernest Michael Bakenie, Steven Michael Whitcomb, Freddy S. Estrella, Jennifer E. Carillo-Thomas, and Geoffrey Moncreif.

[2] The Court GRANTS Chase Bank's Request for Judicial Notice ("Chase Bank's RJN," Docket No. 37). Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-60 JVS (MLGx) | Date | August 6, 2012 |
| Title | Ernest Michael Bakenie v. JPMorgan Chase Bank, N.A. et al., | | |

Defendants NDeX West, LLC and Cal-Western Reconveyance Corporation join in the motion. (Docket Nos. 38-39.) Plaintiffs oppose the motion. (Docket No. 46.)[3] For the following reasons, the Court GRANTS the motion.

**I.      Background**

Plaintiffs entered into refinance loans with Chase Bank and then defaulted on those loans, thereby subjecting their properties to foreclosure. (FAC ¶¶ 46-47, 73, 75, 102-03, 130, 134, 164-65.) On April 9, 2012, Plaintiffs filed the FAC, asserting a single claim for "Unlawful, Unfair and Deceptive Business Practices" in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (Docket No. 19.) Plaintiffs' claim is based on Defendants' improper notarial practices. (See FAC ¶¶ 19-43.) More specifically, Plaintiffs allege that various foreclosure documents were acknowledged by non-notaries, outside the presence of the signers, without verification of the signer's identification, and without proper recordation in a sequential journal. (Id. ¶ 34.) According to Plaintiffs, Defendants "regularly engage in the soliciting, coercing and influencing of these improper notarial acts." (Opp'n at 1; see also FAC ¶ 35.) Plaintiffs also allege improper endorsement and assignment of various foreclosure documents. (See FAC ¶¶ 49, 61, 78, 92, 107.)

Plaintiffs suggest that Defendants' improper practices have "result[ed] in the creation of potentially tens of thousands of mortgage-related documents acknowledged in contravention of California law, and the consequent mass pollution of California public land records by these improperly acknowledged documents." (Opp'n at ii; see also FAC ¶¶ 37.) Plaintiffs seek declaratory and injunctive relief, as well as restitution and disgorgement of profits. (FAC, Prayer for Relief.)

Chase Bank entered into a Consent Order with the Office of the Comptroller of the Currency ("OCC") on April 13, 2011. (Chase Bank's RJN Ex. A, "Consent Order.")[4] The Consent Order is discussed in detail in Section III(A).

---

[3] Plaintiffs' 29-page opposition violates Local Rule 11-6, which sets a 25-page limit. The Court GRANTS Plaintiffs' Request for Judicial Notice. ("Pls.' RJN," Docket No. 45.)

[4] Chase Bank is a national bank and is therefore regulated by the OCC. (RJN Ex. B.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-60 JVS (MLGx)    Date  August 6, 2012

Title  Ernest Michael Bakenie v. JPMorgan Chase Bank, N.A. et al.,

## II. Legal Standards

### A. Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is proper when the plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). If, instead, the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the Court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-step approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-60 JVS (MLGx) | Date | August 6, 2012 |
| Title | Ernest Michael Bakenie v. JPMorgan Chase Bank, N.A. et al., | | |

the court to infer more than the mere possibility of misconduct." Id.

## III.   Discussion

As noted above, Chase Bank entered into the Consent Order with the OCC on April 13, 2011. The OCC found that Chase Bank had "filed or caused to be filed in state and federal courts, or in local land records offices, numerous affidavits or other mortgage-related documents that were not properly notarized, including those not signed or affirmed in the presence of a notary." (Consent Order art. I, § (2)(b).) The OCC further found that Chase Bank had "litigated foreclosure proceedings and initiated non-judicial foreclosure proceedings without always ensuring that either the promissory note or the mortgage document were properly endorsed or assigned and, if necessary, in the possession of the appropriate party at the appropriate time." (Id. art. I, § 2(c).) These failures, according to the OCC, were due to Chase Bank's lack of "adequate oversight, internal controls, policies, and procedures, compliance risk management, internal audit, third party management, and training." The OCC's findings apply not only to Chase Bank, but also to "outside counsel and other third-party providers handling foreclosure-related services." (Id. art. I, § 2(e)-(f).)

By entering into the Consent Order, Chase Bank "committed to taking all necessary and appropriate steps to remedy the deficiencies and unsafe or unsound practices identified by the OCC, and to enhance the Bank's residential mortgage servicing and foreclosure processes." (Id. at 1-2.) These steps include, *inter alia*, "processes to ensure that affidavits filed in foreclosure proceedings are executed and notarized in accordance with state legal requirements and applicable guidelines, including jurat requirements" (id. art. IV, § (1)(c)); "processes to review and approve standardized affidavits and declarations for . . . foreclosure actions to ensure compliance with applicable laws, rules and court procedures" (id. art. IV, § (1)(d)); "appropriate oversight to ensure that Third-Party Providers comply with all applicable Legal Requirements" (id. art. V, § (1)(a)); and "measures to ensure the accuracy of all documents filed or otherwise utilized . . . in any judicial or non-judicial foreclosure proceeding, related bankruptcy proceeding, or in other foreclosure-related litigation" (id. art. V, § (1)(c)).

The Consent Order requires an "independent consultant" to review foreclosure actions to determine, *inter alia*, "whether . . . the foreclosing party or agent of the party had properly documented ownership of the promissory note and mortgage (or deed of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-60 JVS (MLGx) | Date | August 6, 2012 |
|---|---|---|---|

| Title | Ernest Michael Bakenie v. JPMorgan Chase Bank, N.A. et al., |
|---|---|

trust) under relevant law," "whether the foreclosure was in accordance with applicable state and federal law," and "whether any errors, misrepresentations, or other deficiencies identified in the Foreclosure Review resulted in financial injury to the borrower or the mortgagee."  (Id. art. VII, § (3)(a), (b), (h).)

Section 1818(i)(1) expressly precludes federal subject matter jurisdiction over any third-party action that "affect[s] by injunction or otherwise the issuance or enforcement of any [OCC] notice or order . . ., or to review, modify, suspend, terminate, or set aside any such notice or order. 12 U.S.C. § 1818(i)(1); see also Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin., Inc., 502 U.S. 32, 44 (1991) . The United States Supreme Court has "held that Section 1818(i)(1) 'provides clear and convincing evidence that Congress intended to deny the District Court jurisdiction' over consent orders." Am. Fair Credit Ass'n v. United Credit Nat'l Bank, 132 F. Supp. 2d 1304, 1311 (D. Colo. 2001) (quoting Bd. of Governors, 502 U.S. at 44). Furthermore, the Ninth Circuit has explained that Section 1818(i)(1) "[n]ot only . . . provide[s] its own review mechanism [for consent orders], it makes that mechanism *exclusive*." United States v. Spiegel, 995 F.2d 138, 140 (9th Cir. 1993) (emphasis added)."Congress' withdrawal of jurisdiction over consent orders in Section 1818(i)(1) is far-reaching." Am. Fair Credit Ass'n, 132 F. Supp. 2d at 1311.

Here, the Court must determine whether Plaintiffs' claim seeks to "affect . . . enforcement of [the Consent Order]." The Court finds that it does. As discussed above, Plaintiffs' claim is based on Defendants' improper notarial practices, their soliciting, coercing and influencing of such practices, and their improper endorsement and assignment of foreclosure documents. The OCC addressed all of these improper practices in the Consent Order. Furthermore, the OCC, along with Chase Bank, established a detailed plan for correcting the improper practices. In fact, Chase Bank has implemented the plan and established a single, integrated claims process for borrowers who believe they have "suffered financial injury as a result of servicer errors, misrepresentations, or deficiencies in the foreclosure processes." (Chase Bank's RJN Ex. C, Interim Status Report: Foreclosure-Related Consent Orders, Nov. 2011.)

Only the OCC has the authority to enforce the Consent Order. § 1818(i)(1); Am. Fair Credit Ass'n, 132 F. Supp. 2d at 1311. If Plaintiffs were to obtain the relief sought in the FAC — including the declaratory and injunctive relief regarding Chase Bank's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-60 JVS (MLGx) | Date | August 6, 2012 |
| Title | Ernest Michael Bakenie v. JPMorgan Chase Bank, N.A. et al., | | |

foreclosure practices — it would "affect . . . enforcement of [the Consent Order]."[5] Given Congress' "far-reaching" withdrawal of jurisdiction over consent orders, the Court finds that it does not have subject matter jurisdiction over Plaintiffs' claim.[6] Although California Reconveyance Company, NDeX West, LLC, and Cal-Western Reconveyance Corporation are not parties to the Consent Order, the Court finds that Section 1818(i)(1) precludes jurisdiction as to Plaintiffs' claim against them because the Consent Order expressly covers the conduct of third-party providers. Compare Am. Fair Credit Ass'n, 132 F. Supp. 2d at 1311.[7]

## IV. Conclusion

For the foregoing reasons, the motion is GRANTED.

IT IS SO ORDERED.

**Counsel for the prevailing party shall prepare, serve and submit, within 7 days, a proposed judgment.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

[5] Plaintiffs' request for relief need not be "in direct contravention of the . . . Consent Order" to "affect . . . the . . . enforcement of an[] order." See § 1818(i)(1); Am. Fair Credit Ass'n, 132 F. Supp. 2d at 1312 (internal quotation marks omitted).

[6] In light of the Court's conclusion, it need not consider whether it should abstain from exercising jurisdiction under the doctrines of primary jurisdiction or equitable abstention.

[7] Because the Court does not have subject matter jurisdiction, it does not reach the merits of Plaintiffs' claim.